In re:
Matthew Albert Whary
Marsha Lynn Whary
            Debtors

Case No. 19-02876-RNO
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0314-4        User: KADavis        Page 1 of 2        Date Rcvd: Sep 16, 2019
                           Form ID: pdf002       Total Noticed: 56

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 18, 2019.
```
db/jdb          Matthew Albert Whary,   Marsha Lynn Whary,    255 State Route 147,    Dalmatia, PA 17017-7346
cr             +Carmax Auto Finance, c/o Morton & Craig LLC,   110 Marter Avenue,    Suite 301,
                 Moorestown, NJ 08057-3124
5218654       ++BANK OF AMERICA,   PO BOX 982238,   EL PASO TX 79998-2238
                (address filed with court: Bank of America,    PO Box 982238,    El Paso, TX 79998-2238)
5237355        +Bank of America, N.A.,    P O Box 982284,   El Paso, TX 79998-2284
5218655         Buddy's Home Furnishings,    461 N Enola Rd,   Enola, PA 17025-2128
5231167         Capital One, N.A.,   c/o Becket and Lee LLP,   PO Box 3001,    Malvern PA 19355-0701
5218657         Carmax,   PO Box 440609,   Kennesaw, GA 30160-9511
5218661        +Credit One Bank,    335 Madison Ave,   New York, NY 10017-4611
5218662         Deimler Tire,    7297 Spring Rd,   Shermans Dale, PA 17090-8125
5244722         Department Stores National Bank,   c/o Quantum3 Group LLC,    PO Box 657,
                 Kirkland, WA 98083-0657
5242052         Directv, LLC,   by American InfoSource as agent,    PO Box 5008,   Carol Stream, IL 60197-5008
5218664         EOS CCA,   PO Box 981008,   Boston, MA 02298-1008
5218666        +Hawk Haynie Kammeyer & Smith,    116 E Berry St,   Fort Wayne, IN 46802-2497
5218651         James P Sheppard Esquire,    2201 N 2nd St,   Harrisburg, PA 17110-1007
5218668         Kevin G. McDonald Esquire,    KML Law Group,   701 Market St Ste 5000,
                 Philadelphia, PA 19106-1541
5218670         Kubota Credit Coporation,    1000 Kubota Dr,   Grapevine, TX 76051-2334
5235813        +Kubota Credit Corporation,    PO Box 9013,   Addison, Texas 75001-9013
5218673         M&T Bank,   PO Box 619063,   Dallas, TX 75261-9063
5218677         MRS BPO LLC,    1930 Olney Ave,   Cherry Hill, NJ 08003-2016
5218674         Macy's,   PO Box 9001094,   Louisville, KY 40290-1094
5218676         Midland Funding LLC,    320 E Big Beaver Rd Ste 300,   Troy, MI 48083-1271
5218680         PPL,   PO Box 25239,   Lehigh Valley, PA 18002-5239
5218678         Perferred Credit Inc,    628 Roosevelt Rd,   Saint Cloud, MN 56301-4867
5218681        +Preferred Credit,    628 Roosevelt Rd,   Saint Cloud, MN 56301-4867
5218683         Robert Whary,    213 McClellan Rd,   Halifax, PA 17032-9469
5218685         Triple Crown Services,    2720 Dupont Commerce Ct Ste 200,   Fort Wayne, IN 46825-2364
5218686         Triumph Community Bank,    2040 1st St # A,   Moline, IL 61265
5218688         Wags,   c/o Security Credit Services,    306 Enterprise Dr,   Oxford, MS 38655-2762
5218650         Whary Marsha Lynn,    255 State Route 147,   Dalmatia, PA 17017-7346
5218649         Whary Matthew Albert,    255 State Route 147,   Dalmatia, PA 17017-7346

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5218652         E-mail/Text: EBNProcessing@afni.com Sep 16 2019 19:35:44     AFNI,    PO Box 3097,
                 Bloomington, IL 61702-3097
5218653         E-mail/Text: g20956@att.com Sep 16 2019 19:35:55     ATT Mobility,    PO Box 10330,
                 Fort Wayne, IN 46851-0330
5241518        +E-mail/Text: bnc@atlasacq.com Sep 16 2019 19:35:03     Atlas Acquisitions LLC,    294 Union St.,
                 Hackensack, NJ 07601-4303
5218656         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 16 2019 19:41:40      Capital One Bank,
                 PO Box 30281,   Salt Lake City, UT 84130-0281
5223398         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 16 2019 19:41:40
                 Capital One Bank (USA), N.A.,   by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC 28272-1083
5218658        +E-mail/Text: documentfiling@lciinc.com Sep 16 2019 19:33:41      Comcast,   1 Comcast Ctr,
                 Philadelphia, PA 19103-2899
5218659        +E-mail/Text: documentfiling@lciinc.com Sep 16 2019 19:33:41      Comcast Communications,
                 1 Comcast Ctr,   Philadelphia, PA 19103-2833
5218660         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 16 2019 19:35:20      Comenity Bank,
                 1 Righter Pkwy Ste 100,   Wilmington, DE 19803-1533
5218663         E-mail/Text: bknotice@ercbpo.com Sep 16 2019 19:35:39      Enhanced Recovery Company,
                 PO Box 57547,   Jacksonville, FL 32241-7547
5218665         E-mail/Text: Check.bksupport@globalpay.com Sep 16 2019 19:33:43      Global Check Payments,
                 PO Box 59371,   Chicago, IL 60659-0371
5218667        +E-mail/Text: BKRMailOPS@weltman.com Sep 16 2019 19:35:19     Kay Jewelers,    375 Ghent Rd,
                 Fairlawn, OH 44333-4600
5218669         E-mail/Text: bnncnotice@becket-lee.com Sep 16 2019 19:35:04      Kohls,   PO Box 3115,
                 Milwaukee, WI 53201-3115
5218672         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 16 2019 19:41:00      LVNV Funding,
                 c/o Resurgent Capital Services,    PO Box 1269,   Greenville, SC 29602-1269
5218671         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 16 2019 19:40:59      LVNV Funding,
                 PO Box 1269,   Greenville, SC 29602-1269
5224987         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 16 2019 19:40:59      LVNV Funding, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5240509         E-mail/Text: camanagement@mtb.com Sep 16 2019 19:35:18     M&T Bank,    PO Box 840,
                 Buffalo, NY 14240
5218675         E-mail/Text: unger@memberslst.org Sep 16 2019 19:36:03     Members 1st FCU,    5000 Louise Dr,
                 Mechanicsburg, PA 17055-4899
5218679         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 16 2019 19:40:56
                 Portfolio Recovery,   120 Corporate Blvd Ste 100,   Norfolk, VA 23502-4952
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

5244305          E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 16 2019 19:41:16
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5234057         +E-mail/Text: bankruptcynotices@psecu.com Sep 16 2019 19:35:58      PSECU,    PO BOX 67013,
                 HARRISBURG, PA 17106-7013
5218682          E-mail/Text: bankruptcynotices@psecu.com Sep 16 2019 19:35:58      PSECU,    1500 Elmerton Ave,
                 Harrisburg, PA  17110-9214
5244716          E-mail/PDF: resurgentbknotifications@resurgent.com Sep 16 2019 19:41:26
                 Pinnacle Credit Services, LLC,    Resurgent Capital Services,    PO Box 10587,
                 Greenville, SC 29603-0587
5218684          E-mail/Text: bankruptcy@sw-credit.com Sep 16 2019 19:35:35      Southwest Credit Systems,
                 4120 International Pkwy # 1100,    Carrollton, TX  75007-1958
5240512          E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 16 2019 19:41:53      Verizon,
                 by American InfoSource as agent,    PO Box 4457,    Houston, TX  77210-4457
5218687          E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Sep 16 2019 19:33:38
                 Verizon Wireless,    500 Technology Dr Ste 550,    Saint Charles, MO  63304-2225
5218689          E-mail/Text: bnc-bluestem@quantum3group.com Sep 16 2019 19:35:57      WEB Bank Fingerhut,
                 215 S State St Ste 1000,    Salt Lake City, UT  84111-2336
                                                                                TOTAL: 26


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5242366*        +Atlas Acquisitions LLC,    294 Union St.,    Hackensack, NJ 07601-4303
                                                                     TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2019                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 16, 2019 at the address(es) listed below:
          Atlas Acquisitions LLC    bk@atlasacq.com
          Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
          James  Warmbrodt    on behalf of Creditor   M&T Bank bkgroup@kmllawgroup.com
          James P Sheppard    on behalf of Debtor 2 Marsha Lynn Whary jamespsheppard@comcast.net,
          dabsheppardlaw@comcast.net;G22576@notify.cincompass.com
          James P Sheppard    on behalf of Debtor 1 Matthew Albert Whary jamespsheppard@comcast.net,
          dabsheppardlaw@comcast.net;G22576@notify.cincompass.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
          William E. Craig    on behalf of Creditor   Carmax Auto Finance, c/o Morton & Craig LLC
          ecfmail@mortoncraig.com,  mortoncraigecf@gmail.com
                                                                     TOTAL: 7

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Matthew Albert Whary
aka Matthew A. Whary
Marsha Lynn Whary
aka Marsha L. Whary

CHAPTER 13

CASE NO. 4 -bk- 19 - 02876

✓ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

0 Number of Motions to Avoid Liens
3 Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ✓ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ✓ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

Rev. 12/01/18

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

        1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 38,400.00 , plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/2019 | 07/2024 | $640.00 | $0.00 | $640.00 | $38,400.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $38,400.00 |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

        3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

        4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

            ( ) Debtor is over median income. Debtor estimates that a minimum of $ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

## B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✔ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ _____

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

✔ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| PSECU - 2009 Ford F250 Pickup Truck | 3006 | $196.43 |
| Carmax - 2007 Honda Civic Automobile | 0507 | $62.12 |
| Buddy's Home Furnishings | | $7.18 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>.** *Check one.*

 None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

 Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M&T Bank | 255 State Route 147 Dalmatia PA 17017 | 5563 |
| | | |
| | | |

4

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T Bank | 255 State Route 147 Dalmatia PA 17017 | $16,392.76 | $0.00 | $16,392.76 |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1.  The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2.  In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3.  Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E.  Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

 Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Carmax | 2007 Honda Civic | $3,373.00 | 4% | $3,727.14 | Plan |
| PSECU | 2009 Ford F250 Pickup Truck | $10,066.00 | 4% | $11,785.84 | Plan |
| Buddy's Home Furnishings | Rent to Own | $390.00 | 4% | $430.95 | Plan |

**F.** **Surrender of Collateral.** *Check one.*

None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

 The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Triumph Community Bank | 2006 Kenworth T600 Semi Truck |
|  |  |
|  |  |

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

 None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ 450.00 already paid by the Debtor, the amount of $ 3,550.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ☐ The following administrative claims will be paid in full.

8

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |

### B.  Priority Claims (including, certain Domestic Support Obligations

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |
| | |
| | |

### C.  Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one of the following two lines*.

✔    None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

☐    The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4))*.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

9

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan  confirmation.
☐ entry of discharge.
☐ closing of case.


**7. DISCHARGE: (Check one)**

(☑) The debtor will seek a discharge pursuant to § 1328(a).
(  ) The debtor is not eligible for a discharge because the debtor has previously received a
    discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,
the Trustee will treat the claim as allowed, subject to objection by the Debtor.



Payments from the plan will be made by the Trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

3.A.2.a. Necessary attorney time past confirmation will be billed at a rate of $250.00 per hour plus costs.

Dated: 07/02/2019

/s/James P. Sheppard
Attorney for Debtor

/s/Matthew Albert Whary
Debtor

/s/Marsha Lynn Whary
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12